**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"**<br>Defendant. | **CRIMINAL NO. 19-121 (SCC)** |

AM 1 2 3 4 5 6 7 8 9 10 11 12 PM
RECEIVED & FILED
CLERK'S OFFICE
AUG - 9 2022
US DISTRICT COURT
SAN JUAN, PR
AM 1 2 3 4 5 6 7 8 9 10 11 12 PM
ram

**PLEA AND FORFEITURE AGREEMENT**

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"** and Defendant's counsel, Francisco Rebollo-Casalduc, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

FR
E.P.M

**1. Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One and Six of the Indictment:

Count One: of the Indictment charges that from in or about the year 2006, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"** and other persons, did knowingly and

intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Villa Kennedy Public Housing Project, Las Casas Public Housing Project, El Mirador Public Housing Project, Las Margaritas Public Housing Project, housing facilities owned by a public housing authority and within one thousand (1,000) feet of a real property comprising a public or private school and/or playground. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

Count Six: of the Indictment charges that from in or about the year 2006, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"** together with others charged in Count Six, did knowingly and unlawfully possess firearms, of unknown make and caliber, as that term is defined in Title 18, United States Code, Section 921(a)(3), in furtherance of a drug trafficking crime for which they may be prosecuted in a Court of the United States, as charged in Counts One (1) through Five (5) of the instant Indictment. All in violation of Title 18, United States Code, § 924(c)(1)(A).



2. **Maximum Penalties**

Count One: The penalty for the offense charged in Count One of the Indictment is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(A), 846, and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least 3.5 kilograms but less than 5 kilograms of cocaine, the defendant faces a minimum term of imprisonment of five (5) years up to a maximum term of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of at least eight (8) years in addition to any term of

U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

incarceration, pursuant to Title 21, United States Code, 841(b)(1)(C), 846, and 860.

<u>Count Six</u>: The statutory penalty for the offense charged in Count Six of the Indictment, is a term of imprisonment of not less than 5 years nor more than life in prison pursuant to 18 U.S.C. § 924(c); a fine not to exceed $250,000; and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD

U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

Form 500).  The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.



## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>21U.S.C. §§ 841(a)(1), 846 and 860 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(6) | 28 |
| Protected Location U.S.S.G. § 2D1.2(a)(1) | +2 |
| Leadership U.S.S.G. § 3B1.1(b) | +4 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 31 |



U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>21U.S.C. §§ 841(a)(1), 846 and 860 | | | | | |
|---|---|---|---|---|---|
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |



As to Count Six, the United States and Defendant submit that pursuant to United States Sentencing Guidelines § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924 (c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), there is a minimum term of imprisonment of sixty (60) months.

8. **Sentence Recommendation**



As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to jointly recommend 156 months of imprisonment regardless of Defendant's criminal history category. As to Count Six, the parties agree to jointly recommend 60 months and that the two sentences run consecutively to one another. In other words, the parties agree to jointly recommend 216 months of incarceration for this case regardless of Defendant's criminal history category. The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

The parties agree that federal conviction in criminal case number 09-232 (ADC) is relevant conduct to the instant case. The parties also agree that Puerto Rico cases

FFJ10Q0007, FLA10G0287 and FLA10G0286 are relevant conduct to the instant case. The parties understand that the Court cannot sentence Defendant to less than 10 years given the statutory minimums.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 216 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Francisco Rebollo-Casalduc, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.



### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Package Plea Provision**




Defendant is fully aware that this is a package plea agreement, that is, a Plea Agreement conditioned upon the guilty plea of co-defendants [2] VLADIMIR NATERA-ABREU, [4] JESUS J. RIVERA-FIGUEROA, [5] JOSE L. GARCIA-LOPEZ, [6] LUIS A. GARCIA-LOPEZ, [7] ELVIN 0. CRUZ-VERGES and, from case 19-124, defendants [1] EDISON MERCED-OLIVERA and [2] WALDEMAR FEBRES-SANCHEZ.

Defendant certifies that Defendant is not entering into this guilty plea because of threats or pressures from any co-defendant, from any defendant in case 19-124 or from any other person or entity. Pursuant to *United States v. Martinez-Molina*, 64 F.3d 719 (1st Cir. 1995), package plea agreements require that the District Court be alerted to the fact that co-defendants are entering a package deal so that the District Court can carefully ascertain the voluntariness of each defendant's plea. The parties further agree that should any of the co-defendants or any defendant in case 19-124 withdraw the

guilty plea, the United States reserves its right to withdraw from its obligations under the package plea agreement in its entirety.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest in any firearms and ammunition involved or used in the commission of the offense.

### 25. Forfeiture Provision

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §§ 841, 846 and 860. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations up to the amount stated above. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any

other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant

U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

THIS SPACE INTENTIONALLY LEFT BLANK

PLEA AGREEMENT CONTINUES ON FOLLOWING PAGE

U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____
Alberto R. Lopez Rocafort
Assistant U.S. Attorney
Chief, Gang Section
Dated: 6/21/2022

_____
Francisco Rebollo-Casalduc
Counsel for Defendant
Dated: 8-9-22

_____
Joseph Russell
Assistant U.S. Attorney
Gang Section
Dated: 17 June 2022

_____
Emmanuel Pacheco-Marin
Defendant
Dated: 8-9-22

U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8-9-22

_____
Emmanuel Pacheco-Marin
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8-9-22

_____
Francisco Rebollo-Casalduc
Counsel for Defendant

U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, **[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"** admits that Defendant is guilty as charged in the Indictment and admits the following:

From in or about the year 2006, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, **[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"** and others ~~members of the DTO~~, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable

amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Villa Kennedy Public Housing Project, Las Casas Public Housing Project, El Mirador Public Housing Project, Las Margaritas Public Housing Project, housing facilities owned by a public housing authority and within one thousand (1,000) feet of a real property comprising a public or private school and/or playground. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

The object of the conspiracy was to distribute controlled substances within one thousand (1,000) feet of housing facilities owned by a public housing authority in San Juan Puerto Rico, that is, the Villa Kennedy Public Housing Project, Las Casas Public Housing Project, El Mirador Public Housing Project, Las Margaritas Public Housing Project, and in other areas in San Juan Puerto Rico within one thousand (1,000) feet of a real property comprising a public or private school and/or playground all for significant financial gain and profit.

Defendant **[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"** acted as the leader of the DTO. As the leader, he maintained control over all aspects of the drug trafficking operations. As the leader, he would give orders regarding the distribution of the narcotics, the enforcing of his rules, and would resolve all disputes that arose in the

context of the drug-trafficking operations.



While multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least 3.5 kilograms but no more than 5 kilograms of cocaine. Defendant also admits that, during the course of the conspiracy, he possessed at least one firearm in furtherance of the drug trafficking carried out by the organization.

THIS SPACE INTENTIONALLY LEFT BLANK

PLEA AGREEMENT CONTINUES ON FOLLOWING PAGE

U.S. v. [1] Emmanuel Pacheco-Marin, 19-121 (SCC)

At trial, the United States would have proven beyond a reasonable doubt that defendant **[1] EMMANUEL PACHECO-MARIN, A/K/A "BEBO LAS FARC," A/K/A "MANUEL," A/K/A "CABEZON"** is guilty as charged in COUNT ONE and COUNT SIX of the Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of a forensic chemist as an expert witness, cooperating witnesses, as well as the testimony of law enforcement agents among others.

Discovery was timely made available to Defendant for review.

_____
Joseph Russell
Assistant U.S. Attorney
Dated: 17 June 2022

_____
Francisco Rebollo-Casalduc
Counsel for Defendant
Dated: 8-9-22

_____
Emmanuel Pacheco-Marin
Defendant
Dated: 8-9-22